IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-C5, <br><br>Plaintiff, <br><br>v. <br><br>ALLIANCE PP2 FX4 LIMITED PARTNERSHIP <br><br>Defendant | Civil Action No. 13-157 |

## AGREED ORDER APPOINTING RECEIVER

Plaintiff Wells Fargo Bank, N.A., as Trustee for the registered holders of Credit Suisse First Boston Mortgage Securities Corp., Commercial Mortgage Pass-Through Certificates, Series 2006-C5 ("Wells Fargo" or "Plaintiff"), acting by and through its special servicer, C-III Asset Management LLC ("C-III"), has filed Plaintiff's Verified Complaint for the Appointment of Receiver, Injunctive Relief, and Other Equitable and Legal Relief (the "Complaint") against Alliance PP2 FX4 Limited Partnership ("Defendant" or "Borrower") and certain of Borrower's affiliates and guarantors. In the Complaint, Plaintiff asserts a number of counts, one requesting the appointment of a receiver. **The Court notes that Borrower agrees to appointment of a receiver and agrees to entry of this Order, as reflected by the below signature of Borrower's counsel.**

The Court has reviewed all evidence and pleadings in the Court's file, applicable case and statutory authorities, and has considered this matter fully. Being duly advised of the premises and for good cause shown, the Court hereby finds and orders as follows:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. The pleadings and evidence establish sufficient grounds for the appointment of a receiver as described herein. All terms not otherwise defined herein shall have the meaning given to them in the Complaint. The appointment of a receiver for the Properties, as defined in the Complaint,[1] is proper for good cause shown.

2. Pursuant to Rule 66 of the Federal Rules of Civil Procedure, Kenneth Polsinelli of McKinley, Inc., 320 North Main Street, Ann Arbor, Michigan 48104, (713) 645-9570, kpolsinelli@mckinley.com, who is not a party, attorney, or other person interested in this action, is hereby appointed to act and serve as receiver ("Receiver") effective immediately with respect to the Properties, with respect to income (of any kind) therefrom, whether now existing or hereafter collected, and with respect to any and all other property and property interests pledged or assigned to Plaintiff under the Loan Documents, as defined in the Complaint.

3. Receiver is authorized, subject to the control of this Court and the laws regarding

---

[1] As defined in the Complaint, "Properties" shall refer the following twenty (20) properties: **The 12 Texas Properties:** The Copper Cove Apartments, 12903 Brant Rock Drive, Houston 77082; Crystal Bay Apartments, 2323 West Bay Area Boulevard, Webster, Texas 77598; Driscoll Place Apartments, 1303 Gears Road, Houston, Texas 77067; Savoy Manor Apartments, 5915 Flintlock, Houston, Texas 77040; Southpoint Apartments, 12801 Roydon Drive, Houston, Texas 77040; Wolf Creek Apartments, 16100 Space Center Drive, Houston, Texas 77062; Park on Rosemeade Apartments, 4141 Rosemeade Parkway, Dallas, Texas 75287; Estrada Place Apartments, 1900 Estrada Parkway, Irving, Texas 75061; Westwood Village Apartments, 4310 W. Northgate, Irving, Texas 75062; The Pinnacle Apartments, 146 Valley View Drive, Lewisville, Texas 75067; Cedarbrook Apartments, 3750 Rosemeade Parkway, Dallas, Texas 75287; Shadow Creek Apartments, 6715 Buenos Aires Drive, N. Richland Hills, Texas 76180; **The Five Georgia Properties:** Lake of the Woods Apartments, 746 Garden Walk Boulevard, College Park, Georgia 30349; Pinnacle West Apartments, 509 N. Westover Boulevard, Albany, Georgia 31707; Northcrest Apartments, 835 Johnson Road, Warner Robins, Georgia 31088; Oakdale Villas Apartments, 1103 Corder Road, Warner Robins, Georgia 31088; Wellston Ridge Apartments, 200 Olympia Drive, Warner Robins, Georgia 31093; **The Three South Carolina Properties:** The Crossroads Apartments, 716 Zimalcrest Drive, Columbia, South Carolina 29210; Peachtree Place Apartments, 200 Berryhill Road, Building 400, Columbia, South Carolina; St. Andrews Apartments, 601 St. Andrews Road, Columbia South Carolina 29210.

receivership, to do any and all acts necessary to the proper and lawful conduct of the receivership.

Specifically, the following orders are entered with respect to Receiver:

a. Receiver is authorized to take and have complete and exclusive control and possession of the Properties, together with any and all bank accounts, credit card receipts, demand deposits, reimbursement rights, bank deposits, security deposits and all other forms of accounts, accounts receivable, payment rights, cash and cash equivalents, along with any and all information necessary to operate the Properties, including but not limited to all security codes, combinations, passwords and other access codes and all other collateral securing the indebtedness owed to Plaintiff;

b. Borrower and all persons acting under its direction (including any property manager) are ordered to deliver possession of the Properties to the Receiver including, all property-related information and YARDI files, without any right of offset or recoupment, along with all other collateral securing the indebtedness owed to Plaintiff, including but not limited to: (i) cash collateral (whether consisting of cash on hand, cash in any and all bank accounts or other accounts, all rights to security deposits, including but not limited to amounts that Borrower may have deposited with utility companies, and all other cash and cash equivalents); (ii) all keys; (iii) all loans and communications and correspondence files relating thereto; (iv) security deposits, rent, prepaid rent, other sums relating to the use, enjoyment, possession, improvement or occupancy of all or any part of the Properties and any accounts of any of the foregoing; (v) a current list of the occupants of the Properties, including data with respect to each occupant; (vi) any and all accounts receivable and accounts payable reports; (vii) any and all contracts in effect with respect to the Properties, and all communications and correspondence pertinent thereto; (viii) any and all contracts, bids or other materials relating to any contractor work at the Properties; (ix) any and all payroll records, employee files, applications, and other materials relevant to those persons employed at the Properties; (x) any and all insurance policies and certificates covering the Properties, and all communications and correspondence pertinent thereto; (xi) any and all bank statements relating to any accounts associated with the Properties; and (xii) any and all other records pertaining to the management of the Properties;

c. Borrower and any persons acting under Borrower's direction (including any property manager) are (i) directed to deliver the Properties to Receiver; (ii) enjoined from in any way disturbing

the possession of the Properties or other property that is the subject of the Court's Order; (iii) prohibited and restrained from disposing of, dissipating, mishandling or misappropriating any of the Properties or other such property; (iv) prohibited from taking any actions that would, directly or indirectly, have an adverse impact on the value of the Properties; (v) prohibited and restrained from canceling, reducing, or modifying any and all insurance coverage in existence with respect to the Properties; and (vi) prohibited and restrained from collecting any rents or other sums due to Borrower, all until further order of the Court;

d. Effective immediately, Receiver is ordered to take any and all actions Receiver deems reasonable and appropriate to prevent waste to the Properties and to preserve, secure, manage, maintain, and safeguard the Properties and all other forms of property to which Receiver is entitled to take possession and control under the Court's Order;

e. Receiver is vested with the books and records of Borrower with respect to operation of the Properties and other property subject to the Court's Order, including any and all information related to: (i) rent rolls and leases affecting the Properties; (ii) amounts paid by lessees and other obligors of Borrower; (iii) liens, encumbrances, and other interests against or affecting the Properties; (iv) property taxes owed by Borrower; (v) all types of insurance affecting the Properties; (vi) plans, specifications, surveys, and drawings of the Properties; (vii) access codes to any of the Properties; (viii) all operating and bank statements of Borrower; and (ix) all other aspects of the Properties;

f. Receiver is authorized to continue to manage, operate, lease, and market for lease and sale the Properties and to employ such managers, agents, employees, servants, accountants, and attorneys as may in his judgment be advisable or necessary in the management, conduct, control, or custody of the affairs of Borrower and its assets; is authorized to make payments and disbursements in the ordinary course of business and to make such payments and disbursements as may be needed and proper for the preservation of the Properties and other property of Borrower; and is directed to pay net income from the Properties to Plaintiff, in reduction of the indebtedness owed to Plaintiff by Borrower;

g. Receiver is authorized, with approval of the Court and Plaintiff, to market for sale and to sell the Properties and other collateral and/or facilitate an assumption of the Loan, as defined in the

Complaint, and execute on Borrower's behalf any necessary documents in connection with such assumption.

h. Receiver may negotiate with any and all persons concerning the leasing and/or sale of the Properties, including all personal property and/or collateral used in or associated with the operation of the Properties or any portion or portions thereof;

i. Receiver is authorized to receive and collect any and all sums due or owing to Borrower in any manner related to the Properties, whether the same are now due or shall hereafter become due and owing, to deposit such sums into an account established and maintained by Receiver, and to expend such sums on the operation and management of the Properties in the ordinary course of its business;

j. Receiver is authorized to institute, prosecute, defend, compromise and/or intervene in or become a party to such actions or proceedings in state or federal courts necessary for the protection, maintenance, and preservation of the assets of Defendants and to carry out the terms of the Court's Order appointing Receiver, including but not limited to, the collection of rents and other amounts now or hereafter becoming due, the removal of tenants or other persons from the Properties and/or the defense against any action brought against Receiver acting in such capacity;

k. Receiver is authorized to maintain appropriate property insurance for the Properties, public liability insurance, workmen's compensation insurance, fire and extended coverage insurance, burglary and theft insurance, and other types of insurance normally obtained in connection with the operation and management of the Properties; and is authorized to continue any current policies in place and to purchase further insurance as Receiver deems appropriate;

l. Receiver is authorized to pay all current and past due real estate taxes, personal property taxes, and any other taxes and assessments against the Properties;

m. Receiver is authorized to prepare and file tax returns with respect to the Properties, and other property subject hereto, as may be required by law; provided, however, Receiver is not responsible for the preparation of tax returns for Borrower, Defendants, or any of their affiliates;

n. Receiver and Plaintiff are authorized to enter into further

lending transactions by which Plaintiff may lend monies to Receiver (on a nonrecourse basis as to Receiver) to enable Receiver to perform his duties hereunder, which shall be secured by a first and prior lien and security interest on the Properties and on all other collateral of Plaintiff, in favor of Plaintiff as security for such on the same terms and conditions set forth in the Mortgages, as defined in the Complaint;

o. Receiver is authorized to: (i) negotiate and enter into new leases, occupancy agreements, and contracts in the ordinary course of the business of the Properties; (ii) modify existing leases, occupancy agreements, and contracts in the ordinary course of the business of the Properties; (iii) pay all utilities, expenses, and other obligations secured by the Properties or which may give rise to liens on the Properties, and all other outstanding obligations to suppliers and service providers in the ordinary course of business, including obligations incurred prior to the commencement of the receivership, so long as Receiver has determined that it is prudent to do so in order to maintain business relationships that are beneficial to the conduct of the receivership; (iv) make repairs necessary to the maintenance of the Properties in order to preserve the Properties in the ordinary course of business; and (v) comply with all requirements and regulations applicable to the Properties; for the avoidance of doubt, each of the actions permitted pursuant to the foregoing subprovisions (i) through (v) is to be taken, or not taken, in the Receiver's sole and absolute discretion, and, without limitation of the foregoing, Borrower, all property managers, and all those in active participation or concert with them who receive notice of this Order, and all those having claims against the Properties and any other property in Receiver's possession who receive notice of this Order are enjoined from, and shall not, terminate or withhold any electric, gas, water, sewer, telephone, or other utility service supplying the Properties or any other property in Receiver's possession, require return or refund of any utility deposit, or otherwise interfere with the continued operations of the Property or any other property in Receiver's possession; further, each utility company or entity providing service to the Properties shall forthwith transfer any deposits which it holds to the exclusive control of Receiver and shall be prohibited from demanding that Receiver deposit additional funds in advance or satisfy obligations incurred prior to the date of this Order to maintain or secure such service;

p. Receiver is permitted to apply income from the Properties, subject to the lien rights of Plaintiff, as follows: (i) Receiver's

approved fees and expenses; (ii) the current operating expenses of the receivership in the ordinary course of business; (iii) the obligations owed to Plaintiff under the Loan Documents; and (iv) such other obligations incurred;

q. Receiver is directed to maintain sufficient cash on hand to enable Receiver to meet those expenses, the payment of which is authorized herein, in an amount to be agreed to between Receiver and Plaintiff; and

r. The authority granted to Receiver is self-executing.

4. On filing a Receiver's bond in the amount of $100,000.00, conditioned as provided by law and approved by this Court, together with the oath prescribed by law, the Receiver is authorized, subject to control of this Court, to do any and all of the above acts necessary to the proper and lawful conduct of the receivership.

5. Plaintiff shall, within five (5) business days of entry of this Agreed Order, file a bond in the amount of $100,000.00 conditioned as provided by law, in case it should be decided that Receiver was wrongfully appointed to take charge of the Properties.

6. To ensure the orderly operation of the receivership and to maximize the value of the assets, Receiver shall be compensated as follows:

a. Receiver, his employees, and retained professionals shall prepare periodic statements of services rendered and time expended during the course of the receivership. Those periodic statements shall be filed with the Court and made available to the parties in this litigation.

b. Unless a party files a written motion objecting to the payment of a periodic invoice within ten (10) calendar days of receipt of the invoice, Receiver is authorized to pay the invoice. In the event that a written objection to the payment of the claim is timely made with the Receiver and the Court, the objection should be set for hearing by the objecting party as soon as possible.

c. Until an Order is entered concerning any objection filed, Receiver shall be authorized to pay only eighty percent (80%) of the fees stated in the invoice at issue and shall hold back

payment of twenty percent (20%) of the charge for fees stated in said invoice.

7. Receiver will, within (30) days of qualification and appointment, file in this action an inventory of all property of which Receiver has taken possession. If Receiver subsequently comes into possession of additional property, Receiver will file a supplemental inventory as soon as practical.

8. In order to promote judicial efficiency, all persons who receive actual or constructive notice of this Agreed Order are enjoined in any way from disturbing the receivership assets or from prosecuting any new proceedings (including collection or enforcement proceedings) that involve Receiver, the receivership assets, or the Properties unless such person or persons first obtains the permission of this Court.

9. Notwithstanding the foregoing, Plaintiff shall be permitted, without prior permission of this Court, to take such actions as are necessary to prepare to conduct a non-judicial foreclosure sale of the Properties (which sale itself shall be subject to this Court's approval) pursuant to the terms of the Loan Documents (defined in the Complaint) and applicable statutes, including, without limitation, posting the Properties, sending notices and demand letters, if necessary, and filing notices where and when required, all in accordance with the Loan Documents and applicable statutes.

10. The Receiver shall maintain accurate accounting and other records of its activities in connection herewith and shall file reports detailing the results from operations of the Properties as subsequently ordered by the Court.

11. In addition to any financial, operating, and other reports and information required to be delivered pursuant to the Loan Documents, Receiver shall deliver to Plaintiff and C-III, and file in the record of the above-captioned case, no later than the twentieth (20th) day of each

calendar month, beginning in February 2013, each of the following with respect to the immediately preceding calendar month, certified by Receiver as true, correct, and complete:

    a. a balance sheet, statement of income and expenses, statement of cash flows (each on a budget versus actual comparison basis) for each of the Properties and on a consolidated basis for all Properties;

    b. a detailed rent roll for each of the Properties showing the occupancy of the respective Property, name of each tenant and, for each tenant, the space occupied, the lease commencement and expiration dates, the rent payable, the rent paid to date and the security deposit being held for such tenant, and a leasing activity report for each of the Properties each in detail reasonably satisfactory to Plaintiff;

    c. an aged payables report and an aged receivables report for each of the Properties and on a consolidated basis for all Properties;

    d. a capital expenditure report for each of the Properties and on a consolidated basis for all Properties; and

    e. all bank statements with monthly reconciliations.

12. No later than 45 days after the date on which the last of the Properties is transferred out of the receivership estate, Receiver shall deliver to Plaintiff and C-III, and file in the record of the above-captioned case, a final report and accounting containing the information set forth in paragraph 11 of this Agreed Order.

13. Within ten (10) days after entry of this Agreed Order, Plaintiff shall file a copy of the Complaint and a copy of this Agreed Order in each additional district where the Properties at issue in this action are located.

14. Borrower shall fully cooperate with Receiver in adding Receiver, any management company retained by Receiver, and Plaintiff, if necessary, as additional insureds, and Plaintiff as the loss payee, on all insurance relating to the operation and management of the Property including, but not limited to, fire, extended coverage, auto and van coverage, property

damage, liability, fidelity, errors and omissions, and workers compensation, and modifying the policies if deemed appropriate by Receiver. Borrower and all persons acting under its direction are prohibited from canceling, reducing, or modifying any and all insurance coverage in existence with respect to the Properties.

15. No lien, claim, or other security interest in any property affected by this receivership will in any manner be affected by this Agreed Order. Any party's failure to oppose the appointment of Receiver, any party's consent to the appointment, or any party's procurement of the appointment will not constitute waiver of any lien, claim, or right.

16. No person or any agent of any person with actual notice of this Agreed Order shall interfere with any property in the control of Receiver or subject to this Agreed Order, nor interfere with Receiver in the carrying out of any duty under this Order.

17. All third parties (including but not limited to financial institutions) in possession of assets subject to this Agreed Order are hereby ordered to turn over such assets to Receiver within five (5) business days of receipt of a copy of this Agreed Order.

18. No person or entity shall file suit against Receiver, or take other action against Receiver, without an order of the Court permitting the suit or action; provided, however, that no prior court order is required to file a motion in this action to enforce the provisions of this Order or any other order of the Court in this action.

19. Receiver and his employees, agents, and attorneys shall have no personal liability in connection with any liabilities, obligations, liens, or amounts owed to any of Borrower's creditors because of his duties as Receiver. Nothing in this Order shall grant any rights to trade creditors or general unsecured creditors, whose rights shall be solely determined in accordance with the laws of the State of Texas.

20. Receiver and his employees, agents, and attorneys shall have no personal liability, and they shall have no claim asserted against them relating to the Receiver's duties under this Order, except for claims due to their gross negligence, gross or willful misconduct, malicious acts, or the failure to comply with the Court's orders.

21. This receivership will continue in effect until further order of this Court.

Signed this 23rd day of January, 2013.

_____
JUDGE PRESIDING

**AGREED:**

/s/ *Sharla J. Frost*
Sharla J. Frost (Attorney-in-Charge)
Federal ID No. 9987
State Bar No. 0749110
WILSON ELSER MOSKOWITZ EDELMAN
& DICKLER LLP
5847 San Felipe, Suite 2300
Houston, Texas 77057
Telephone: (713) 767-1555
Facsimile: (713) 785-7780

**ATTORNEYS FOR DEFENDANT**

/s/ *Christopher L. Chauvin*
Stephen C. Schoettmer (Attorney-in-Charge)
Federal ID No. 15269
State Bar No. 17800400
Christopher L. Chauvin
Federal ID No. 917854
State Bar No. 24045644
Matthew M. Mitzner
State Bar No. 24068911
Federal ID No. 132836

Thompson & Knight LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

**ATTORNEYS FOR PLAINTIFF**